### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-07-0500 |
| | § | CIVIL ACTION H-10-1841 |
| RODOLFO EDUARDO ORTIZ | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, a federal inmate, filed this section 2255 proceeding challenging his 2009 guilty plea and 168-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine. Defendant did not appeal the conviction.

The Government has filed a motion for summary judgment and/or to dismiss. (Docket Entries No. 156, 158.)  Defendant filed a response to the dispositive motions. (Docket Entry No. 160.)

Based on careful consideration of the section 2255 motion, the Government's dispositive motions, Defendant's response, the record, and the applicable law, the Court GRANTS the Government's motion for summary judgment and/or to dismiss and DENIES the section 2255 motion, as follows.

*Standard of Review*

Following a conviction and exhaustion or waiver of the right to direct appeal, a defendant stands presumed fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991).  As a result, review of convictions under section 2255

ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *Id.* Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). A collateral challenge may not do service for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982).

Thus, before a court may grant relief pursuant to section 2255, the movant must establish one of the following: (1) the sentencing court imposed the sentence in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.

### Claims

Defendant raises the following claims in his section 2255 motion:

1.   Defendant's "leader/organizer enhancement" was unwarranted by the facts and denied him due process.

2.   Trial counsel was ineffective in failing to oppose effectively the unwarranted "leader/organizer enhancement."

3.   Trial counsel was ineffective in failing to move to dismiss the indictment for violation of the speedy trial act.

4.   Trial counsel failed to timely and effectively negotiate the plea agreement.

5.   Trial counsel failed to secure the entire plea agreement on the record.

2

6.      Trial counsel failed to pursue suppression of an illegal search and seizure.

7.      Defendant's sentence violated Rule 32 of the Federal Rules of Criminal Procedure and denied him due process.

8.      Trial counsel was ineffective in failing to prepare for sentencing.

9.      Trial counsel failed to consult with Defendant regarding an appeal.

10.     Defendant's guilty plea was involuntarily and unknowingly made due to the ineffective assistance of counsel.

The Government argues that these claims are without merit and that section 2255 relief should be denied.   The Government has submitted affidavits of Defendant's trial counsel and sentencing counsel (Docket Entries No. 152, 153, 155.)  To the extent the Government requests leave to supplement the record with theses affidavits, leave is granted and these affidavits are deemed filed of record for purposes of this proceeding.

*Record Claims*

Defendant contends that he was denied due process because his "leader/organizer enhancement" was unwarranted by the facts, and because his plea hearing violated Rule 11 and his sentence violated Rule 32 of the Federal Rules of Criminal Procedure.  These claims are record claims that can be determined on appeal; consequently, they do not raise cognizable section 2255 claims for this Court's review.  *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *see also United States v. Frady*, 456 U.S. 152, 165 (1982).  Moreover, Defendant's written plea agreement contained a waiver of his rights to

3

appeal and to seek collateral review, and these claims are barred by Defendant's execution of the written plea agreement.  (Docket Entry No. 81, p. 5.)

Defendant is not entitled to relief on these claims.

### Ineffective Assistance of Counsel

The remainder of Defendant's claims in this proceeding complain of ineffective assistance of trial counsel.   In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense.  *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  Counsel's performance is deficient if it falls below an objective standard of reasonableness.  *Id.*  A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable.  *Id.* at 689.  Moreover, a fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight.  *Strickland*, 466 U.S. at 689.

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied the *Strickland* test to cases involving guilty pleas.  In context of a guilty plea, a petitioner must prove not only that his attorney actually erred, but also that he would not have pleaded guilty but for the error.  *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).  Once a valid guilty plea has been entered, all non-jurisdictional defects in the proceedings are waived.  *United States v. Cothran*, 302 F.3d 279, 285 (5th Cir. 2002).  This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of

4

the guilty plea. *Glinsey*, 209 F.3d 386 at 392. Consequently, Defendant's claims that he received ineffective assistance of counsel are waived except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. Regardless, Defendants' claims are without merit.

> A.    Unwarranted Enhancement

Defendant contends that trial counsel failed to oppose  effectively the unwarranted "leader/organizer enhancement."  To any extent this claim is not waived by Defendant's guilty plea, it is refuted by the record.  As correctly noted by the Government, the Addendum and Second Addendum to the PSR (Docket Entries No. 115, 141) reveal that trial counsel filed objections to Defendant's purported role as a leader or organizer of the criminal offense, and that these objections were again presented to the Court at sentencing. That the objections were overruled does not constitute evidence that trial counsel failed to present the argument effectively.  Defendant's conclusory allegations that counsel could have presented the arguments more effectively are not supported by the record, nor does Defendant demonstrate that, but for trial counsel's failure to present the objection in a certain manner, the objection would have been granted and that his sentence would have been significantly less.

Defendant is not entitled to section 2255 relief, and the Government is entitled to summary judgment dismissal of this claim.

B.    Speed Trial Act Violation

Defendant argues that trial counsel was deficient in failing to move to dismiss the indictment for violation of the Speedy Trial Act.  In his affidavit responding to this argument, trial counsel testified as follows:

> In Ground Two, [Defendant] avers he was denied effective assistance of counsel and due process of law because I failed to move to dismiss the indictment for violation of the speedy trial act.  My client continually denied his guilt in this case, but a review of the evidence overwhelmingly indicated otherwise.  I concluded that proceeding to trial would result in a conviction.  I decided that the passage of time was in [Defendant's] best interest.  By delaying trial and allowing the case to mature, I believed that witness testimony might become less reliable or unavailable, and that further investigation might reveal more solid defensive grounds beneficial to his case.

(Docket Entry No. 152, p. 2.)

Thus, it was trial counsel's reasoned and professional opinion and strategy to delay the trial and not urge a speedy trial.  A "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002). Informed strategic decisions of counsel are to be given a strong measure of deference and should not be second guessed. *Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir. 1998).  Defendant fails to show that trial counsel's strategy was unreasonable under the circumstances, and no grounds for section 2255 relief are shown.

The Government is entitled to summary judgment dismissal of this claim.

C.    Plea Agreement Negotiation

Defendant contends that trial counsel failed to timely and effectively negotiate the

plea agreement in this case.  Specifically, he asserts that trial counsel

> failed to enter into negotiations with the Government early on, he failed to
> seek concessions from the government, in return for his client['s] cooperation.
> For the cooperation provided by [Defendant], the concessions the
> Government did grant were minimal.  Due to counsel[']s failure to effectively
> negotiate with the government, counsel did not negotiate away the leader
> organizer enhancement, which cost [Defendant] the safety valve sentence
> reduction.

(Docket Entry No. 144, p. 7.)  In responding to this claim, trial counsel testified in his

affidavit as follows:

> In Ground Three, [Defendant] avers that I was ineffective in my plea
> negotiations with the government in that I did not receive proper concessions
> from the government for his cooperation, nor did I negotiate away his
> 'leader/organizer' enhancement.  Since [Defendant] did not cooperate with
> the government, there was no grounds [sic] to make such argument.  I
> attended a debriefing with the investigators and [Defendant].  [Defendant]
> was unwilling to take responsibility for his actions and attempted to minimize
> his involvement, contrary to the overwhelming weight of the evidence against
> him.   The government did not urge greater judicial consideration of his
> cooperation because he did not cooperate.   The concessions which I
> negotiated are the best available to him.

(Docket Entry No. 152, p. 2.) Defendant presents no probative summary judgment evidence

to the contrary.

Defendant appears to additionally claim that his second attorney was ineffective  at

sentencing as to Defendant's enhanced role.  In his affidavit, Defendant's second attorney

responded as follows:

7

After meeting with [Defendant] on April 3, 2009, I prepared and filed [Defendant's] Supplemental Objections to the Presentence Investigation Report on April 13, 2009. I obtained character letters from [Defendant's] family and friends and filed Character Letters in Aid of Sentencing on April 30, 2009. Finally, I prepared and filed Defendant's Memorandum in Aid of Sentencing on April 27, 2009. In the memorandum I reurged Defendant's objections to his role in the offense and denial of the 'safety valve' adjustment. I also argued that [Defendant] should receive a two (2) level downward variance for exceptional acceptance of responsibility.

On May 1, 2009, prior to sentencing, I met with [Defendant] at the U.S. Marshall's holdover. I reviewed with him the Second Addendum to the [PSR] and we discussed what he should say about the facts of the case since he had fully debriefed and I was concerned that he may jeopardize his acceptance of responsibility. We also discussed his request for a recommendation to Three Rivers FCI and the 500 hour drug treatment program.

At sentencing I reurged our objections and argued for a two level variance based on exceptional acceptance of responsibility. The court was unmoved, denied the objections and the request for a variance and sentenced [Defendant] at the bottom of his guideline range to 168 months confinement.

\* \* \* \*

As to the aggravated role enhancement[,] the fact that I was not successful in arguing the objection does not mean I was ineffective.

(Docket Entry No. 153, pp. 2–3.)

The sentencing record shows that trial counsel strenuously argued against the aggravated role enhancement. (Docket Entry No. 141, pp. 5–8.) Following defense counsel's lengthy argument, the Government argued the following:

The fact of the matter is, that the residence was [Defendant's], the two trucks that were stopped were [Defendant's]. [Defendant] had some ledgers in his pocket. [Defendant] had the ledgers in his bedroom. Reyes as well as Diaz were in the vehicle, that [Defendant] provided, with 12 kilograms of cocaine.

> It's clear that [Defendant] was more than just a player in this enterprise; that he was, in fact, a leader, manager, supervisor, however you want to qualify it.
>
> So [P]robation and I are in the same agreement, that the two-level adjustment for his role in this enterprise is appropriate.

*Id.*, pp. 8–9.

Defendant fails to identify any additional factual arguments that counsel could have made that would have resulted in a reduction in his sentence, and his conclusory allegations of counsel's "failures" are not probative evidence sufficient to preclude the granting of summary judgment on this issue. Defendant demonstrates neither deficient performance nor actual prejudice.

Defendant is not entitled to section 2255 relief, and the Government is entitled to summary judgment dismissal of this claim.

D.   <u>Incomplete Plea Agreement Record</u>

Defendant asserts that trial counsel failed to secure the entire plea agreement on the record, and was ineffective in allowing him to plead guilty when the hearing did not comply with Rule 11 of the Federal Rules of Criminal Procedure. The Court agrees with the Government and trial counsel's affidavit statements that the factual basis for Defendant's claim is entirely unclear and not stated in the section 2255 motion or specified in Defendant's subsequent pleadings.

In responding to Defendant's claim, trial counsel testified in his affidavit as follows:

> In Ground Four, [Defendant] alleges that I was ineffective at re-arraignment for, inter alia, allowing [him] to plead guilty when the hearing did not comport to the strict mandates of F. R. Crim. P. 11; counsel failed to secure the entire agreement of the government on the record at the plea hearing, thereby prejudicing [Defendant].  I do not understand what [Defendant] is alleging in this ground as he does not specify in what manner the hearing did not comport to Rule 11 of the Federal Rules of Criminal Procedure.

(Docket Entry No. 155, p. 1.)

In his response to the motion for summary judgment, Defendant argues that the Court did not properly inform him of all the elements of the charged offense.  The plea hearing record reveals the contrary, and further reveals Defendant's repeated affirmations to the Court that he understood the charges, that counsel had discussed the indictment with him, and that he had no questions for the Court or counsel.  Defendant establishes no deficient performance by counsel, nor does he establish that, but for counsel's deficient performance, there is a reasonable probability that the results of the proceeding would have been different.  Nor does Defendant establish that counsel failed to place all of the plea agreement on the record.  To the contrary, the written plea agreement executed by Defendant unambiguously stated that, "This written plea agreement, consisting of 13 pages, including the attached addendum of defendant and his/her attorney, constitutes the *complete* plea agreement between the United States, defendant, and his/her counsel."  (Docket Entry No. 81, p. 11, emphasis added.)   The plea agreement is part of the record in this case, and no omissions are shown.

10

Defendant is not entitled to section 2255 relief, and the Government is entitled to summary judgment dismissal of this claim.

E.     Suppression

Defendant claims that trial counsel should have pursued a pretrial motion to suppress the evidence, because his conviction was obtained as a result of an illegal search and seizure.  According to petitioner, the motion would have been granted and the indictment dismissed had counsel pursued suppression and that, but for counsel's failure to pursue the motion, there is a reasonable probability that the result of the proceedings would have been different.

In his affidavit responding to Defendant's claim, trial counsel testified as follows:

> In Ground Five, [Defendant] alleges that I was ineffective in my assistance because I failed to pursue a motion to suppress evidence in this case. However, a motion to suppress would have been frivolous as no proper grounds for suppression existed.  No fact or combination of facts that [Defendant] or any of the witnesses recounted gave rise to non-frivolous grounds for suppression.

(Docket Entry No. 152, p. 2.)

Defendant alleges in his response to the motion for summary judgment that, "There was no probable cause or even reasonable suspicion for the stop; there was no consent to search."  (Docket Entry No. 160, p. 9.)  These conclusory allegations are unsupported in the record or by probative summary judgment evidence, and are insufficient to raise a genuine issue of material fact precluding summary judgment.  Moreover, by arguing that "there was a sufficient basis to *file* a motion to suppress," and that the defense "had nothing to lose and

11

everything to gain" by filing the motion, Defendant does not establish ineffective assistance of counsel.  Defendant must do more than allege there were grounds for filing the motion; he must prove that the motion would have been granted.  He must move beyond asserting that there was no downside to filing the motion; he must establish a reasonable probability that, but for counsel's failure to file the motion, the result of his proceeding would have been different.

Trial counsel testified that a motion to suppress would have been frivolous as no proper grounds for suppression existed.  Defendant presents no probative summary judgment evidence controverting counsel's testimony, nor does he show that counsel's trial strategy or reasons for not pursuing the motion were unreasonable.  Defendant further fails to present any probative summary judgment evidence showing that trial counsel failed to investigate adequately the underlying facts of the search and seizure.  Neither deficient performance nor actual prejudice are shown. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

To the extent Defendant is attempting to raise an independent Fourth Amendment claim for an illegal search and seizure, his claim was waived by his plea of guilty. Defendant professed on the record in open court his awareness and understanding of this result, as follows:

> THE COURT:     You understand that by pleading guilty today you give
> up the right to make a number of arguments later on to
> try and get your conviction set aside or your sentence set
> aside or reduced, arguments that you could have made

|              | if you had gone to trial and had been convicted; do you understand that? |
| ------------ | --- |
| DEFENDANT:   | I understand that. |
| THE COURT:   | For example, you could not come forward later and argue that there were certain defects in the way that you were investigated, arrested, or prosecuted, in order to challenge your conviction or your sentence. *You would give up the right to claim that you were subjected to an illegal search and seizure*, that you gave an unconstitutional confession or that your right to a speedy trial was violated. |
|              | This is not a complete list but only a few examples. I want you to clearly understand that if I accept your guilty plea today that you will not be able to raise these or similar defenses later on. *You understand that?* |
| DEFENDANT:   | *I understand.* |

(Docket Entry No. 145, pp. 9–10, emphasis added.)

Section 2255 relief is unwarranted, and the Government is entitled to summary judgment dismissal of this claim.

F.    Sentencing Preparation

Defendant claims that, because counsel was not prepared for the sentencing hearing, Defendant "did not get the opportunity to testify as to the factual reasons the leader organizer enhancement did not apply" to him. Defendant argues that counsel's lack of preparation denied Defendant "an entire procedural opportunity to give evidence at sentencing." (Docket Entry No. 144, p. 9.)

13

In responding to this claim, trial counsel testified in his affidavit as follows:

> Ground One:  Based on my foregoing statement I was fully prepared for sentencing.  As to the aggravated role enhancement the fact that I was not successful in arguing the objection does not mean I was ineffective.

> Ground Six:  [Defendant] received and understood the [PSR]. We went over it in detail with the assistance of an interpreter.  [Defendant] and I fully discussed the aggravating role and the facts for and against.  I was fully prepared for sentencing.  I cautioned [Defendant] not to be contentious about the facts which were fully presented by both sides.  In [Defendant's] statement for acceptance he took issue with each statement attributed to Juan Salinas.  It was my opinion that if [Defendant] testified at sentencing and was cross examined by the government he risked losing acceptance of responsibility or worse, if found to have testified falsely risked [sic], a two level increase for obstruction.

(Docket Entry No. 153, pp. 3–4.)  Thus, to the extent Defendant complains that he was denied an opportunity to give testimony at sentencing regarding the aggravated role enhancement, Defendant fails to rebut the presumption that trial counsel's trial strategy and decision was unreasonable.  Defendant further fails to show that, but for counsel's failure to provide Defendant an opportunity to testify as to the aggravated role enhancement, there is a reasonable probability that the result of the proceeding would have been different and his sentence substantially less severe.  Although Defendant avers that other relevant facts regarding his aggravated role were not presented by counsel, Defendant presents no probative summary judgment evidence of these allegedly omitted facts.

The sentencing record also shows that, immediately prior to announcing sentence, the Court advised Defendant that, "[T]his is your opportunity to say whatever you would

14

like to say on your own behalf before I determine the sentence in your case." (Docket Entry

No. 141, p. 11.)  Defendant responded with the following:

> Basically, I just want to apologize to the United States, to this court, to
> yourself.  I want to apologize to my family, too, and thank them for their
> support.  I'm very repentful of what I did, very sorry for my acts.
>
> And I just would like to consist – consider, not look – not look at me like this
> person who is described in this report.  It's the last chance I have to say – to
> talk about it, and I really would like to please consider it and have mercy on
> my sentence.

*Id*.  If Defendant had other relevant facts he wanted the Court to know, he did not utilize the

available opportunity to communicate them to the Court.

Defendant is not entitled to section 2255 relief, and the Government is entitled to

summary judgment dismissal of this claim.

G.     Right to Appeal

Defendant complains that, following sentencing, counsel failed to consult with him

to determine whether he wanted to pursue an appeal, nor did he pursue an appeal.

Defendant does not deny that both counsel and the Court informed him that his plea

agreement included a waiver of his right to appeal; indeed, Defendant was clearly advised

of this waiver on the record at the sentencing hearing.  (Docket Entry No. 145, pp. 15, 19.)

Defendant acknowledged in open court and on the record his understanding that he was

waiving his right to appeal and to collaterally attack his conviction and sentence.  *Id*., p. 19.

Moreover, he executed the written plea agreement, which contained the provision for waiver

of appeal.  Defendant acknowledged in open court his understanding of, and agreement

with, the written plea agreement provisions.  *Id.*

Nevertheless, Defendant complains that trial counsel failed to ask him if he wanted

to file an appeal.  In responding to this complaint, trial counsel testified in his affidavit as

follows:

> Ground Seven:   I consulted with [Defendant] orally immediately following
> his sentencing.  Three days later he wrote to me.  See Exhibit 'A.'  He never
> mentioned a desire to appeal.  He was fully aware of his agreement to waive
> his right to appeal.

(Docket Entry No. 153, p. 4.)  In the referenced letter written by Defendant to trial counsel

shortly after sentencing, Defendant thanked counsel for the work he did, and stated that he

was satisfied with counsel's efforts.  *Id.*, Exhibit A.  Defendant acknowledged that, even

though he "didn't get what [he] was expecting," he understood the situation.  The remainder

of the letter addressed Defendant's concerns that he be assigned to a prison facility close to

his family, and asked that counsel try to have him placed at the Bastrop federal prison

facility.  *Id.*  Defendant did not request counsel to file a notice of appeal or to otherwise

pursue an appeal.

The law is clear that, if a defendant requests counsel to file a notice of appeal,

counsel's failure to do so constitutes ineffective assistance, entitling the defendant to an out-

of-time appeal.  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  As stated by the Fifth

Circuit Court of Appeals in *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007), if a

defendant "is able to demonstrate by a preponderance of the evidence that he requested an

appeal, prejudice will be presumed and [he] will be entitled to an out-of-time appeal, regardless of whether he is able to identify any arguable meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Id*. Although Defendant states he is entitled to reversal of his conviction and sentence based on this alleged error, he is incorrect. At most, and assuming he were able to establish ineffective assistance in this regard, he would be entitled to an out-of-time appeal; his conviction and sentence would remain extant.

The record does not show, and Defendant presents no probative summary judgment evidence, that Defendant affirmatively requested counsel to file a notice of appeal or pursue an appeal. Although Defendant submitted an affidavit in support of his opposition to the motion for summary judgment, he does not testify in the affidavit that he requested counsel to pursue an appeal or file a notice of appeal. (Docket Entry No. 160, pp. 19–20.) Defendant fails to establish ineffective assistance of counsel, as neither deficient performance nor prejudice are shown.

Defendant is not entitled to section 2255 relief, and the Government is entitled to summary judgment dismissal of this claim.

H.  Involuntary Guilty Plea

Defendant complains that his plea of guilty was involuntarily and unknowingly made due to the ineffective assistance of counsel. To the extent he contends that he was unaware

17

of the elements of the offense because trial counsel never explained them, his assertions are

rebutted by the following exchanges between the Court and Defendant at the plea hearing:

THE COURT:     Have you and your attorney received a copy of the
               indictment that was returned against you; that is, the
               written charges that the government has made against
               you in this case?

DEFENDANT:     Yes, we have.

THE COURT:     All right.  You understand that Count 1 of the indictment
               charges you with conspiracy to possess with the intent to
               distribute a controlled substance; you understand the charge
               against you in Count 1 of the indictment?

DEFENDANT:     Yes, I understand.

THE COURT:     All right.  Now, before a jury could convict you of that offense,
               the government would have to prove beyond a reasonable doubt
               each of the following four elements of that offense:

               First of all, that you knowingly possessed a controlled substance;

               Second, that the substance was, in fact, cocaine or a mixture or
               substance containing a detectable amount of cocaine, a
               Schedule II controlled substance;

               Three, that you possessed the substance with the intent to
               distribute it;

               And four, that the quantity of the substance was at least 5
               kilograms.

               The government would have to prove each of those things
               beyond a reasonable doubt, in order for you to be convicted in
               this case. Do you understand that?

DEFENDANT:     I understand.

(Docket Entry No. 145, pp. 11–12.)  The Court then explained the sentencing range for the charged offense, at which point the following exchange occurred between Defendant and the Court:

> THE COURT:     All right.  So, you clearly understand the nature of the charges pending against you and the range of punishment that you face in this case.  Is that correct?
>
> DEFENDANT:     Yes, sir.

*Id.*, p. 13.  To the extent Defendant claims he was not informed of the "conspiracy" element of his offense, the Court explained the nature of "conspiracy" to Defendant in open court at the plea hearing.  (Docket Entry No. 145, p. 17.)

The record clearly shows that Defendant was aware of, and understood, the nature of the charges against him, and his bald assertions to the contrary are unsupported.  It is well established that "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Defendant declined to take advantage of the numerous opportunities afforded him by the Court throughout his plea hearing to have the Court or counsel clarify matters for him.

Defendant further claims that his plea was involuntary because it was based on counsel's failure to investigate or file meritorious motions which would have culminated in dismissal of the charges.  These conclusory allegations are unsupported in the record or by probative summary judgment evidence, and are insufficient to preclude summary judgment.  It is Defendant's burden under *Strickland* to prove, through the record or with

19

other probative summary judgment evidence, that trial counsel failed to investigate or to file meritorious motions.  This, Defendant fails to do.  It is also Defendant's burden under *Strickland* to prove that, had counsel filed a particular motion, it would have been granted, and that, but for counsel's failure to file the motion, there is a reasonable probability that the result of his proceeding would have been different.  Although petitioner sets forth various allegations that would have supported one or more pretrial motions, he does not establish that the motions would have been granted or that he was actually prejudiced by counsel's failure to file them.  His conclusory assertions that the motions would have been granted are insufficient to meet his burden under *Strickland*.

In addition, Defendant asserts that counsel misrepresented the terms of the agreement to him, did not inform him that he was waiving his right to appeal errors by the court, and gave him an unrealistic projection of a likely sentence.  Again, none of these conclusory assertions is supported in the record or by probative summary judgment evidence.  Defendant establishes neither deficient performance nor actual prejudice.

Defendant is not entitled to section 2255 relief, and the Government is entitled to summary judgment dismissal of this claim.

### Motion to Strike

Defendant complains that, because the Government did not attach any evidence to its motion for summary judgment, the motion is unsupported and should be stricken from the record.  (Docket Entry No. 160, pp. 1–2.)  In presenting its motion for summary judgment, the Government relied on, and cited, matters of record in this case.  The

Government was not required to attach copies of matters already of record.  Defendant's request is DENIED.

### Conclusion

The Government's motion for summary judgment and/or to dismiss (Docket Entries No. 156, 158) is GRANTED.  The motion for relief under section 2255 (Docket Entry No. 144) is DENIED.

Signed at Houston, Texas on June 12, 2012.

_____
Gray H. Miller
United States District Judge